IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) ADAM FLORES, ) ) Defendant. ) ) | **CRIMINAL ACTION** No.  12-10173-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Adam Flores' motion to suppress. (Doc. 14). The court conducted an evidentiary hearing on November 26, 2012, and the motion is ripe for decision. (Docs. 15, 19).  The motion to suppress is denied for the reasons herein.

**I. FACTS**[1]

On February 22, 2012, Ford County Sheriff Deputy J. Travis Servis was patrolling in Dodge City, Kansas.  Servis was driving south on Avenue C at approximately 6:55 p.m. in the evening.  Servis observed a Nissan driving north on Avenue C.  The Nissan was not utilizing its headlights as required by Kansas law.[2]  The Nissan did have the park lights activated.  Servis turned his patrol vehicle around to follow the Nissan.  As he turned, the Nissan accelerated. The Nissan continued at a high rate of speed for about two blocks. Servis turned his emergency lights on.  The Nissan then began to brake

---

[1] The facts consist of testimony heard at the hearing and exhibits admitted by the court.

[2] On that day, the sun set at 6:26.

and skid.  It came to a complete stop and Servis maneuvered his patrol car to park behind the Nissan.  As Servis was parking, the driver of the Nissan took off on foot leaving the driver's door ajar.

Servis exited his patrol car and took off on foot after the driver.  Servis believed that the driver was defendant Adam Flores based on his physical characteristics.  Servis was familiar with Flores because he had seen him on two separate occasions.  Servis attempted to locate the driver but was not successful.  Servis then returned to the Nissan after approximately twenty seconds.  Servis called into dispatch and related the information concerning the driver including that he believed the driver to be Flores.

There were two individuals who remained in the Nissan, Samantha Olivas who was seated in the front passenger seat, and a child, who was seated in the rear.  Servis was also familiar with Olivas.  Servis removed Olivas from the vehicle, told her that she was going to be detained, and placed her in restraints.  Other officers began to arrive on the scene.  Olivas was taken to a patrol car.  Servis and various officers began to search for the driver but were unsuccessful.  Olivas was arrested after dispatch informed Servis that there were two outstanding warrants for her arrest.  Upon questioning by Servis, Olivas disclosed the identity of the driver as Flores.

Dispatch determined that the Nissan had a registration which expired in September 2011 and listed the owner as Antonio Ochoa.  Servis did not believe that Ochoa was the driver of the Nissan on February 22.  Servis is familiar with Ochoa and has had occasion to chase Ochoa on foot.  Servis testified that the physical characteristics of the driver and Ochoa are different as Ochoa is

overweight and the driver was not.

Ford County policy requires that vehicles must be towed under certain situations, i.e. abandonment, illegal parking. The Nissan was parked in the southbound lane of traffic on Avenue C. Additionally, the Nissan was blocking a residential driveway. Servis determined that the vehicle must be towed as it met the provisions in the Ford County policy. The policy also requires that the vehicle be inventoried. Servis moved to the open driver door prior to conducting the inventory. He immediately observed a weapon under the driver's seat. Servis then retrieved the .22 semi-automatic pistol from under the seat. The serial numbers had been removed from the pistol. The pistol had a live round in the chamber and several rounds in the magazine. Servis then followed Ford County policy on the seizure of evidence by obtaining an evidence custody receipt after turning in the pistol.

## II. ANALYSIS

Flores claims that the search of the Nissan was conducted in violation of his Fourth Amendment rights. The government responds that Flores lacks standing to object to the search.

### A. Standing

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Fourth Amendment rights are personal and a defendant must have standing before he can challenge a search or seizure. United States v. Valdez Hocker, 333 F.3d 1206, 1208 (10th Cir. 2003). "Standing inquiries thus "turn[ ] on the classic Fourth Amendment test: whether the

individual manifested a subjective expectation of privacy in the area searched and whether society is prepared to recognize that expectation as objectively reasonable." Id. at 1209 (quoting United States v. Allen, 235 F.3d 482, 489 (10th Cir. 2000)).

To establish standing, Flores must show that he had a "legitimate possessory interest in or [a] lawful control over" the Nissan. Id. However, Flores is not required to submit legal documentation showing ownership. The court considers the following factors: (1) whether Flores asserted ownership over the items seized from the Nissan; (2) whether Flores testified to his expectation of privacy at the suppression hearing; and (3) whether he presented any testimony at the suppression hearing that he had a legitimate possessory interest in the Nissan. Id. The first two factors are not present in this case. Flores exerted his Fifth Amendment right not to testify during the hearing and there was no evidence that he asserted ownership over any items seized from the Nissan. With respect to the last factor, Flores attempted to elicit testimony from Servis to establish his possessory interest. Flores, however, did not do so. Servis testified that Ochoa is the registered owner of the Nissan and that he has no information as to any relationship between Flores and Ochoa. Servis further testified that he did not ask Olivas about the ownership of the car.

In considering a vehicle where a defendant is the driver but not the registered owner, "mere possession of the car and its keys does not suffice to establish a legitimate possessory interest." Id. (citing United States v. Martinez, 983 F.2d 968, 973 (10th Cir. 1992)). Flores bears the burden of establishing that a person with

-4-

authority over the vehicle granted him possession. Id. (citing United States v. Arango, 912 F.2d 441, 445 (10th Cir. 1990)). There is no evidence whatsoever to establish that Flores received permission from Ochoa prior to driving the Nissan. Moreover, there is no evidence that the Nissan transferred ownership at any point between September 2011 and February 2012.

Flores has failed to come forward with any evidence to establish that he either owned or was in lawful possession of the Nissan. Therefore, Flores failed to carry his burden of establishing a reasonable expectation of privacy in the Nissan by showing either ownership or lawful possession. United States v. Betancur, 24 F.3d 73, 77 (10th Cir. 1994).

An individual who does not have an expectation of privacy in a vehicle may still challenge the initial stop. Id.[3] Flores, however, does not challenge the initial stop. Nevertheless, the court finds that the stop was reasonable based on the uncontroverted evidence that the Nissan was traveling in the evening without the headlights activated. Because Flores does not have an expectation of privacy in the Nissan, he does not have standing to challenge the warrantless search. Id. at 78; see also United States v. Skowronski, 827 F.2d 1414, 1418 (10th Cir. 1987).[4]

---

[3] "If the stop was illegal, the seized cocaine may be subject to exclusion under the 'fruit of the poison tree' doctrine." Betancur, 24 F.3d at 77.

[4] In any event, the gun was observed in plain view prior to Servis conducting the inventory search. Therefore, the seizure of the gun was not a violation of Flores' Fourth Amendment rights.
 Moreover, Ford County policy requires a vehicle to be towed if it was illegally parked, obstructed traffic and abandoned. The uncontroverted evidence established that Servis had several reasons to

**III. CONCLUSION**

Flores' motion to suppress is denied. (Doc. 14). Trial will be held on December 11 at 9:00 a.m.

IT IS SO ORDERED.

Dated this  27th    day of November 2012, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE

---

tow the Nissan as it was illegally parked and there was no driver to move the vehicle after Olivas was arrested. The policy also requires an inventory search to be completed on any towed vehicle. The policy states that an inventory search is done to protect the owner's property, and to protect law enforcement personnel and the public. (Exh. 6). These are valid justifications for an inventory search. United States v. Moraga, No. 02-2322, 2003 WL 21733136 (10th Cir. July 28, 2003) (citing Colorado v. Bertine, 479 U.S. 367, 372, 107 S. Ct. 738 (1987)). Therefore, this inventory search does not violate Flores' Fourth Amendment rights.